UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:21-cv-01265-JLS-JDE                     Date: August 23, 2021
Title: Midland Credit Management, Inc. v. Celia Orozco, et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Melissa Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                        Not Present

**PROCEEDINGS:** **(IN CHAMBERS) ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED TO STATE COURT**

On May 17, 2021, Plaintiff filed this action in Orange County Superior Court, asserting one claim for account stated. (Compl., Ex. 2 to Notice of Removal ("NOR"), Doc 1.) On July 27, 2021, Defendant removed the action to this Court, invoking federal question jurisdiction. (NOR at 2.) Specifically, Defendant asserts that this Court has original subject matter jurisdiction over the action because Plaintiff's claim is completely preempted by the Fair Debt Collection Practices Act ("FDCPA"). (*Id.*)

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "[T]he district court ha[s] a duty to establish subject matter jurisdiction . . . *sua sponte*, whether the parties raise[] the issue or not." *United Inv'rs Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). As the party invoking federal jurisdiction, Defendant has the burden of establishing the existence of subject matter jurisdiction. *See Kokkonen*, 511 U.S at 377. The determination whether the case "arises under" federal law is governed by the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Here, no federal claim appears on the face of the Complaint. Defendant concedes this, but states that the FDCA completely preempts Plaintiff's claim and relies on *In re U.S. Healthcare, Inc.*, 193 F.3d 151, 160 (3d Cir. 1999), which states that "[u]nlike ordinary preemption, which would only arise as a federal defense to a state-law claim, complete preemption operates to confer original federal subject matter jurisdiction notwithstanding the absence of a federal cause of action on the face of the complaint."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:21-cv-01265-JLS-JDE | Date: August 23, 2021 |
| Title: Midland Credit Management, Inc. v. Celia Orozco, et al | |

But, in that case "to determine whether any of the claims stated in the . . . complaint [were] completely preempted," the court considered "'whether they 'f[ell] within the scope of' ERISA's civil-enforcement provisions." *Id.* at 161 (internal citations omitted). This is not an ERISA action and the analysis there is inapplicable to determining whether the FDCA completely preempts Plaintiff's claim.  Moreover, Defendant's Notice of Removal provides no analysis or case law in support of the assertion that Plaintiff's account stated claim is completely preempted and must be converted into a FDCA claim. *See id.* at 160 ("Claims that are completely preempted are 'necessarily federal in character,' and thus are converted into federal claims.").

     Accordingly, Defendant is ORDERED to show cause, in writing (up to five (5) pages), no later than **seven (7) days from the date of this Order**, why the Court should not remand this action to state court for lack of subject matter jurisdiction.  Plaintiff may file a response within 5 days thereafter.  A stipulation for remand will be a sufficient response to this Order.

                                                                  Initials of Deputy Clerk:  mku